CASE No. 1131.

WILLIAMS v. IRBY.

1. When an action, brought in a trial justice's court, must necessarily be considered an action for the recovery of personal property, an affidavit that the property claimed does not exceed in value the sum of $100, is an essential prerequisite to the jurisdiction of that court. But, *quære*—Where instituted without such prerequisite, and, afterwards, on appeal to this court, the case is remanded to the Circuit Court for new trial there, would an objection to the absence of such affidavit then avail the defendant?

2. Where the allegations of the summons and complaint, in a trial justice's court, are as appropriate to an action for damages for the taking and detention of personal property, as to an action for its specific recovery, on appeal taken to the Court of Common Pleas, the plaintiff may then elect to treat it as an action for damages (especially when so treated in the judgment of the inferior court), and in that case, no affidavit of value is necessary to the jurisdiction. *Joplin* v. *Carrier*, 11 *S. C.* 327, approved.

Before WALLACE, J., Marlborough, September, 1881.

Action by Thomas W. Williams against Harriet Irby. The opinion states the case.

*Mr. R. T. Caston,* for appellant.

*Messrs. Townsend & Livingston,* contra.

January 10th, 1882. The opinion of the court was delivered by ·

McIVER, A. J. This action was originally commenced before a trial justice by summons and complaint. The summons addressed to the defendant was in the following form: "Complaint having been made to me by Thomas W. Williams that you are indebted to him in the sum of $68, on account of your agent, J. B. Irby, having taken a bale of cotton—said bale being worth said sum of money—on December 9th, 1879, this is, therefore, to require you to appear before me at my office, in ——, within twenty days from the service of this summons, to answer the said complaint, or judgment will be given against you by default." This summons was accompanied by a complaint in which the plaintiff alleged: 1. That on December 9th, 1879, he owned one bale of cotton weighing five hundred pounds. 2. That on that day, the defendant, by her agent, John B. Irby, took the same. 3. That the value of said bale of cotton is less than $100. Wherefore the plaintiff demands judgment (1) for the said bale of cotton, or for the sum of $68 in case such possession cannot be had, and (2) for $20 damages for the detention thereof.

The trial justice rendered judgment for the plaintiff for $34 and all costs, from which judgment both parties appealed to the Court of Common Pleas. The case came on for trial in that court before Judge Aldrich, who simply affirmed the judgment of the trial justice, and from his judgment the plaintiff appealed to this court, where it was heard at the last term, when the judgment of Judge Aldrich was reversed and the case was remanded to the Circuit Court for a new trial. 15 *S. C.* 458. Accordingly, the case came on for trial before Judge Wallace, when the defend-

ant moved to dismiss the complaint upon the ground that the trial justice had no jurisdiction, inasmuch as it appeared from the record that there was no affidavit of the plaintiff, his agent or attorney, that the value of the property claimed did not exceed the sum of $100. Judge Wallace held that such an affidavit was necessary to give the trial justice jurisdiction of an action to recover possession of personal property, and, therefore, that all the subsequent proceedings were void, and that the objection to the jurisdiction could be made at any time. Thereupon he reversed the judgment of the trial justice, and from his judgment this appeal has been taken.

If the action must necessarily be regarded as an action to recover possession of personal property, we see no error in the ruling of Judge Wallace as to the necessity for the affidavit, inasmuch as Sub-division 10 of Section 74 of the code does seem to require such an affidavit. But whether such an objection would avail the defendant in the Court of Common Pleas, where such an affidavit is not necessary, after the case had been remanded to *that* court for a new trial, is a question which we do not now propose to consider, inasmuch as the judgment of the Circuit Court must be reversed upon another ground.

As we have said, the affidavit was only necessary in case the action could not be regarded as other than an action to recover the possession of personal property. But we think that the action is not necessarily to be regarded as an action to recover the possession of personal property, and that it may well be regarded as simply an action to recover damages for taking the property of the plaintiff, and of such an action the trial justice clearly had jurisdiction where the damages claimed did not exceed the sum of $100. The trial justice himself seems to have so regarded it, as he rendered judgment simply for damages and not for the return of the property.

The original summons did not indicate that the object of the action was to recover the possession of the bale of cotton, but, on the contrary, clearly indicated that the purpose was simply to recover damages for taking it, measured by the value of the property taken. So, too, all the allegations of the complaint were equally as appropriate to an action for damages as to an

action to recover the possession of personal property. It is true that the demand for relief was in the form suited to an action for the recovery of personal property, but it is well settled that the demand for relief forms no part of the cause of action, and does not even give character to it, inasmuch as the true theory of the code is to give a party such a judgment as his allegations and proofs entitle him to, no matter what may be the form of the demand for relief. *Pom. Rem.* 630 § 580 ; *Balle* v. *Moseley*, 12 *S. C.* 441.

In the case of *Joplin* v. *Carrier*, 11 *S. C.* 327, the action was originally commenced before a trial justice and a verdict was rendered in favor of the plaintiff in the following form : "For $50 for wagon and harness, or wagon and harness returned to plaintiff, and damages for plaintiff for retention of wagon and harness, $20." Upon appeal to the Court of Common Pleas, that court rendered judgment for $70, with interest, in favor of the plaintiff. In reference to this judgment, this court used the following language : "It is alleged that the judgment is erroneous, as it should have been for the return of the property, and that the value of the property should not have been included in the damages awarded, but assessed separately, so that the value would become part of the damages only in case the property was not returned. The plaintiff had a right to demand either damages for the taking and detention, as in trover for conversion, or the return of the property with damages. The code has not changed the rights of parties in this respect. The provisions of Section 301 of the code apply to a judgment awarding possession of personal property, not to a case where the plaintiff is entitled to general damages. It is for the plaintiff to elect which form of remedy he will pursue. It cannot be objected that the plaintiff's demand in the trial justice's court being for the recovery of a wagon and harness and damages for the detention thereof, it therefore bound him as an election as to the form of judgment. Whether a complaint in a court of record could have that effect need not be considered, but no such effect can be claimed for informal pleadings in a trial justice's court. The case then should proceed to judgment according to the rights of the parties."

This case, it will be observed, is stronger than the one now under consideration, for here the trial justice evidently treated the case as simply an action for damages, and rendered judgment accordingly, and not for a return of the property, while in *Joplin* v. *Carrier* the action seems to have been treated as one for the recovery of personal property and judgment rendered accordingly, and yet the court held that the plaintiff might elect to treat it as an action for damages merely after it had been brought into the Court of Common Pleas by appeal, for the purpose of enabling him to maintain a judgment of that character rendered by that court. So here, we see no reason why the plaintiff could not elect to treat the case as an action for damages merely, after it had been carried into the Court of Common Pleas by appeal, especially as it seems to have been so treated by the trial justice, notwithstanding the form of relief demanded by the complaint; and if it be so regarded, then, clearly, there was no foundation for the objection to the jurisdiction.

The judgment of this court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for a new trial.

SIMPSON, C. J., and McGOWAN, A. J., concurred.